

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2002

# Estate Michael v. Vega

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Estate Michael v. Vega" (2002). *2002 Decisions.* Paper 758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

Nos. 01-4024/4209/02-1756

————————

ESTATE OF MICHAEL ANGELO CORRY INN, INC.

v.

MICHAEL A. VEGA; STEPHEN H. HUTZELMAN; ROBERT N. MICHAEL;
JOHN DOE

GARY V. SKIBA, Trustee for the Estate of Michael Angelo Corry Inn, Inc.,
Trustee

                    Stephen H. Hutzelman, Appellant in Nos. 01-4024/4209

IN RE:   GARY V. SKIBA, Trustee of the Bankruptcy
Case of Michael Angelo Corry Inn., Inc.,
          Petitioner in No. 02-1756

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Nos.  96-225 )
District Judge:  Honorable Sean J. McLaughlin

————————

Argued November 1, 2002
Before:  NYGAARD and WEIS, <u>Circuit</u> <u>Judges</u>, and IRENAS,*

                                     <u>District</u> <u>Judge</u>.
Filed      November 19, 2002

————————————————

      * The Honorable Joseph E. Irenas, United States District Judge for the District of New
Jersey, sitting by designation.

David L. Haber, Esquire (ARGUED)
Weinheimer, Schadel & Haber, P.C.
602 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219

Counsel for Appellant Stephen Hutzelman

Gary V. Skiba, Esquire (ARGUED)
Wayne G. Johnson, Esquire
Yochim, Skiba, Johnson, Cauley & Nash
345 West Sixth Street
Erie,  PA   16507

Counsel for Appellee Gary V. Skiba

---

## OPINION OF THE COURT

---

WEIS, Circuit Judge.

Only the facts relevant to the narrow issue presented here will be set forth because this opinion is not precedential and the parties are well aware of the somewhat complicated background.

After a jury trial, on September 17, 1999 the District Court entered judgment in the amount of $425,000 in favor of plaintiff Michael Angelo Corry Inn, Inc. and against defendant Hutzelman.  Plaintiff timely filed motions for a new trial and JMOL.

In March 2000, Westport Insurance Company, the liability insurer of defendant Hutzelman, acquired all of the stock of plaintiff Michael Angelo Corry Inn, Inc. In June 2001, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was

2

filed against Michael Angelo Corry Inn, Inc. on behalf of creditors, including John Tobias, whose earlier efforts to intervene in the malpractice litigation had been denied. After receiving an answer from Westport Insurance Company, the Bankruptcy Court vacated its order for relief on July 24, 2001 and scheduled a hearing for August 23, 2001.

During a chambers conference with the district judge in September 2000, the parties discussed the proposition that from a pragmatic standpoint it was unlikely that Westport, as the sole shareholder of Michael Angelo Corry Inn, Inc., would seek payment of the judgment of $425,000 against Hutzelman. That was so, even though Westport had the duty to defend and indemnify Hutzelman. Concluding that the case had become moot, the Court docketed its denial of Hutzelman's post-trial motion on October 25, 2001.

On January 8, 2002, the Bankruptcy Court ruled that Westport, as a stockholder, lacked standing to oppose the petition under Chapter 7. Thereafter, the bankruptcy proceeding was reinstated and Gary Skiba was appointed Trustee.

After Hutzelman timely appealed to this Court, Gary Skiba as Trustee for the bankrupt Angelo Corry Inn, Inc., was substituted as appellee.[1]

In International Brotherhood of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987), we explained that to establish the existence of a live, as distinguished from a moot case, there must be a real and substantial controversy for which specific relief is

---

[1] Skiba also filed a petition for mandamus. In view of the disposition of the principal case, the petition for mandamus will be denied.

3

available. A case is moot when the issues are no longer disputed or the parties lack a legally cognizable interest in the outcome. Id.

Here it appears that the parties have confused the status of Westport as the sole stockholder of Michael Angelo Corry Inn, Inc. with its obligation to defend and indemnify Hutzelman. The argument that Westport as stockholder could properly prevent Michael Angelo Corry Inn, Inc. from enforcing the judgment overlooks the rights of creditors of the corporation who could possibly receive payment on their claims if the $425,000 were paid. That the parties were aware that Michael Angelo Corry Inn, Inc. had at least one creditor was evidenced by the efforts of John Tobias to intervene before the jury trial had taken place. Moreover, whatever doubt there may have been as to the existence of creditors was removed by the institution of the bankruptcy proceeding on behalf of Michael Angelo Corry Inn, Inc.

In short, Westport, as sole shareholder, cannot prejudice creditors by refusing to collect the judgment if it survives post-trial motions and possible appeal. A live controversy exists between Hutzelman who contests his liability to Michael Angelo Corry Inn, Inc. Consequently, the dispute between the parties is not moot and it is necessary that the District Court decide the post-trial motions filed by Hutzelman.[2]

---

[2] The automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, are not applicable here because the litigation was commenced by Michael Angelo Corry Inn, Inc., the debtor, before the Chapter 7 petition was filed. See Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575 (7th Cir. 1989); Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir. 1982).

Accordingly, the order of the District Court will be reversed and the case remanded for adjudication of the Hutzelman post-trial motions.

_____

TO THE CLERK:

        Please file the foregoing Opinion.

                    /s/Joseph F. Weis

                    _____

                    United States Circuit Judge